**RECEIVED**
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA

DATE ___10__,__27__,_06__
BY: _____

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| JOSE CRISTOBAL CARDONA | DOCKET NO. 06-CV-1171 |
| VERSUS | JUDGE DRELL |
| R. TUITE | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Jose Cristobal Cardona, filed *in forma pauperis* on July 7, 2006. Cardona is an inmate at the United States Penitentiary - Pollock, in Pollock, Louisiana ("USP-P"). Cardona claims that the defendant retaliated against him for exercising his freedom of speech as guaranteed by the First Amendment.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff has alleged:

1. While he was exiting the building in the west corridor of USP-Pollock prison, he started to put on his cap with the bill to the back.

2. Officer Tuite called Plaintiff back inside the building and instructed him to wear his cap with the bill in the front, rather than backwards.

3. "I responded that there is no rule to my knowledge nor have I ever been put on notice on how I should wear my hat...." [Doc. #1-1, p.5]

4. "So I just took off my cap instead and chose not to wear it either way."

5. Thereafter, Officer Tuite retaliated against Plaintiff for exercising his freedom of

speech and expression by harassing Plaintiff and placing him in "lock up in the tank" at the Lieutenant's office and writing an incident report for insolence and failing to obey an order.

6. Plaintiff was found guilty of disobeying an order, but was found not guilty of insolence.

7. Plaintiff's punishment was a thirty day commissary restriction and a thirty day phone restriction.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias at 97.

### 2.    Retaliation

Plaintiff argues that the defendant retaliated against him for exercising his free speech and expression by choosing to not wear his cap at all rather than wear it forward, as instructed by Defendant. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Rosas v. Rodriguez, 2006 WL 1877282, 1 (5th Cir. 2006); citing Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999). Plaintiff claims that the constitutional right at issue in this case is Plaintiff's First Amendment right. That is, Plaintiff believes that his right to free speech and expression includes the right to choose whether or not to obey an order about how his cap should be worn.

First, although prisoners retain, generally, the right of free speech, that speech must not be inconsistent with legitimate prison interests. Thus, not all speech is protected by the First

Amendment. See Reyes v. McEachern, 123 Fed.Appx. 150, 150-151 (5th Cir. 2005).[2] To establish the violation of a First Amendment right, the plaintiff must do more than point to the existence of a generic First Amendment right. He must also establish that he exercised that right in a manner consistent with his status as a prisoner. See Freeman v. Texas Dept. of Criminal Justice, 369 F.3d 854, 864 (5th Cir. 2004).

In Adams v. Gunnell, 729 F.2d 362, 367-68 (5th Cir.1984), a prison disciplined inmates for collaborating in a prison-wide petition. While recognizing that prisoners may exercise a variety of First Amendment rights, the court reasoned, nevertheless, that where internal grievance procedures are available, a prison may proscribe the use of internally circulated petitions if it believes they contain the potential for inciting violence. Id. at 368. Adams confirmed the prison's authority to circumscribe the manner in which a grievance or criticism right is exercised. As stated by the Fifth Circuit, **"Prison officials may legitimately punish inmates who verbally confront institutional authority without running afoul of the First Amendment."** Freeman, 369 F.3d at 864, citing Goff v. Dailey, 991 F.2d 1437, 1439 (8th Cir.1993). As in Adams and Freeman, internal grievance procedures were available to the Plaintiff, and he could have challenged a rule about wearing his cap forward or backwards in that forum. Plaintiff chose, however, to express himself by disobeying an order from the defendant and then filing a grievance regarding the punishment. The manner of Plaintiff's statement/expression was inconsistent with his status as a prisoner and is not afforded First Amendment protection.

---

[2]Casual conversation confined to a small social group that is not public speech intended to inform, edify, or entertain the listeners is not protected by the free speech clause. Id. citing Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir.1989); see also Swank v. Smart, 898 F.2d 1247, 1250-51 (7th Cir.1990).

As noted above, in order to establish a retaliation claim, the inmate must allege a specific constitutional right and that the defendant intended to retaliate against the prisoner for his exercise of that right. "If the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail." Freeman, 369 F.3d at 864; Jones v. Greninger, 188 F.3d 322, 325 (5th Cir.1999), (citing Tighe v. Wall, 100 F.3d 41, 43 (5th Cir.1996)). Because Plaintiff has not demonstrated a violation of his constitutional right, his claim should be denied and dismissed with prejudice as frivolous and failing to state a claim for which relief can be granted.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint (42 U.S.C. §1983) be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §1915 and §1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___ day of ___, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE